TRINETTE G. KENT (State Bar No. 222020)
3219 E Camelback Road, #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiffs,
Andrea and Keith Landry

UNITED STATES DISTRICT COURT
CENTREL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| Andrea and Keith Landry, | Case No.: |
|---|---|
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | **FOR VIOLATIONS OF:**<br>**1. THE TELEPHONE CONSUMER PROTECTION ACT; AND**<br>**2. THE FAIR DEBT COLLECTION PRACTICES ACT** |
| Consumer Portfolio Services, Inc., | |
| Defendant. | |
| | **JURY TRIAL DEMANDED** |

Plaintiffs, Andrea and Keith Landry (hereafter "Plaintiffs"), by undersigned counsel, bring the following complaint against Consumer Portfolio Services, Inc. (hereafter "Defendant") and allege as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2. Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiffs are adult individuals residing in Tacoma, Washington, and each is a "person" as defined by 47 U.S.C. § 153(39).

5. Plaintiffs are each a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant is a business entity located in Irvine, California, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

7. Defendant uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly

collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

8. Plaintiffs are each a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

9. Plaintiffs' alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes, and is a "debt" as defined by 15 U.S.C. § 1692a(5).

10. At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

11. At all times mentioned herein, Plaintiff Andrea Landry utilized a cellular telephone service and was assigned the following telephone number: 253-xxx-5931 (hereafter "Andrea's Number").  Plaintiff Keith Landry utilized a cellular telephone service and was assigned the following telephone number: 253-xxx-8393 (hereafter "Keith's Number" and collectively "Plaintiffs' Numbers").

12. Defendant placed calls to Plaintiffs' Numbers in an attempt to collect a debt.

13. The aforementioned calls were placed using an automatic telephone dialing system ("ATDS") and/or by using an artificial or prerecorded voice ("Robocalls").

14. When Plaintiffs answered calls from Defendant, they heard silence and had to wait on the line to be connected with the next available representative.

15. In or around October of 2018, Andrea spoke with a live representative, requested that Defendant stop placing calls to Andrea's Number, and requested that Defendant contact Keith regarding payment arrangements.

16. Nonetheless, Defendant continued placing automated calls to Andrea's Number.

17. Thereafter, Keith spoke with a live representative and requested that Defendant cease placing automated calls to Keith's Number.

18. Nonetheless, Defendant continued placing automated calls to Keith's Number.

19. Defendant's actions caused Plaintiffs a great deal of frustration and annoyance.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

20. Plaintiffs incorporate by reference all of the above paragraphs of this complaint as though fully stated herein.

4

COMPLAINT FOR DAMAGES

21. The TCPA prohibits Defendant from using, other than for emergency purposes, an ATDS and/or Robocalls when calling Plaintiffs' Numbers absent Plaintiffs' prior express consent to do so. *See* 47 U.S.C. § 227(b)(1).

22. Defendant's telephone system has the earmark of using an ATDS and/or using Robocalls in that Plaintiffs, upon answering calls from Defendant, heard silence and had to wait on the line before being connected with a live representative.

23. Defendant called Plaintiffs' Numbers using an ATDS and/or Robocalls without Plaintiffs' consent in that Defendant either never had Plaintiffs' prior express consent to do so, or such consent was effectively revoked when Plaintiffs each requested that Defendant cease all further calls.

24. Defendant continued to willfully call Plaintiffs' Numbers using an ATDS and/or Robocalls knowing that it lacked the requisite consent to do so in violation of the TCPA.

25. Plaintiffs were harmed and suffered damages as a result of Defendant's actions.

26. The TCPA creates a private right of action against persons who violate the Act. *See* 47 U.S.C. § 227(b)(3).

27. As a result of each call made in violation of the TCPA, Plaintiffs are entitled to an award of $500.00 in statutory damages.

28. As a result of each call made knowingly and/or willingly in violation of the TCPA, Plaintiffs may be entitled to an award of treble damages.

# COUNT II

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*

29. Plaintiffs incorporate by reference all of the above paragraphs of this complaint as though fully stated herein.

30. The FDCPA was passed in order to protect consumers from the use of abusive, deceptive and unfair debt collection practices and in order to eliminate such practices.

31. Defendant attempted to collect a debt from Plaintiffs and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

32. Defendant engaged in conduct, the natural consequence of which was to harass, oppress, or abuse Plaintiffs, in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

33. Defendant caused Plaintiffs' phones to ring or engaged Plaintiffs in telephone conversations repeatedly or continuously, with the intent to annoy, abuse and harass Plaintiffs, in violation of 15 U.S.C. § 1692d(5).

34. Defendant used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

35. Defendant used false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning the Plaintiffs, in violation of 15 U.S.C.§ 1692e(10).

36. Defendant used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

37. The foregoing acts and/or omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

38. Plaintiffs have been harmed and are entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant for:

A. Statutory damages of $500.00 for each call determined to be in violation of the TCPA pursuant to 47 U.S.C.§ 227(b)(3);

B. Treble damages for each violation determined to be willful and/or knowing under the TCPA pursuant to 47 U.S.C.§ 227(b)(3);

C. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

D. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

E. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);

F. Punitive damages; and

G. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  October 1, 2019                    TRINETTE G. KENT

By: /s/  Trinette G. Kent
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiffs,
Andrea and Keith Landry